UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CARNEICE KATHRINE HALL-JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 18-cv-01409-LB<br><br>**ORDER ADDRESSING PLAINTIFF'S MOTIONS**<br><br>Re: ECF No. 55, 58, 67 |

## INTRODUCTION

Plaintiff Carneice Hall-Johnson has filed a number of motions that the court addresses here.

## ANALYSIS

First, Ms. Hall-Johnson filed a request for appointment of a mediator/arbitrator.[1] The court has scheduled a settlement conference before Magistrate Judge Robert M. Illman as mediator on August 28, 2018. To the extent that Ms. Hall-Johnson asks to compel the parties to submit to

---

[1] Request for Appointment of Mediator/Arbitrator – ECF No. 55. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 18-cv-01409-LB

arbitration, the court denies her motion. "'[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1126 (9th Cir. 2013) (quoting *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)). Ms. Hall-Johnson has not shown that the defendants have agreed to submit to arbitration here.

Second, Ms. Hall-Johnson filed a motion seeking exemption from electronic public access fees and CM/ECF fees. The court denies her motion. The court has previously granted Ms. Hall-Johnson permission for electronic case filing, and consequently, the pending motion relates solely to fees, not access.[2] Ms. Hall-Johnson asks for an exemption for fees associated with filing electronic documents in this action. But there are no fees associated with her filing documents in this action. Ms. Hall-Johnson then asks for an exemption for fees associated with reviewing or accessing documents in this action. Ms. Hall-Johnson has previously received a paper copy of every document filed by the court or the defendants, and now that she is an electronic filer, she will be able to download one free copy of each newly filed document in this action when it is filed.[3] Ms. Hall-Johnson can therefore file, review, and access the documents in this action without paying a fee. To the extent that Ms. Hall-Johnson asks for a waiver of fees to use ECF or PACER beyond this, she has not established "that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information." *Cf. Emrit v. Central Payment Corp.*, No. 14-cv-00042-JCS, 2014 WL 1028388, at *3 (N.D. Cal. Mar. 13, 2014).

Third, Ms. Hall-Johnson filed a petition to appoint an arbitrator.[4] The court denies her motion. As discussed above, the defendants cannot be required to submit to arbitration absent their agreement. Ms. Hall-Johnson says she has a written agreement to arbitrate with her proposed

---

[2] Order – ECF No. 65.

[3] The court advises Ms. Hall-Johnson that she should download and save a copy of each newly filed document in this action for her records and future reference, as CM/ECF may impose a fee for a litigant to access a document a second time.

[4] Verified Pet. to Appoint Arbitrator – ECF No. 67.

arbitrator, but what she needs is an agreement to arbitrate with the *defendants* in order to compel them to arbitrate.

## CONCLUSION

The court denies Ms. Hall-Johnson's motions. This disposes of ECF Nos. 55, 58, and 67.

**IT IS SO ORDERED.**

Dated: August 21, 2018



LAUREL BEELER
United States Magistrate Judge